IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION


**CHARLES ANTHONY DAVIS**                                                   **PLAINTIFF**

VS.                                         **CIVIL ACTION NO.: 3:02-CV-1478BN**

**CITY OF JACKSON FIRE DEPARTMENT**                          **DEFENDANT**


**OPINION AND ORDER**

This cause is before the Court on Plaintiff's Motion for Attorneys' Fees and Costs. Having considered the Motion, Response, Supplemental Briefs and all attachments to each, as well as supporting and opposing authority, the Court finds that Plaintiff's Motion is not well taken and should be denied.

**I.  Factual Background and Procedural History**

On September 10, 2002, Plaintiff Charles Anthony Davis filed a 42 U.S.C. § 1983 suit in this Court against Defendant City of Jackson Fire Department ("JFD"). In his Complaint, Plaintiff primarily alleged that he was removed from his position on the Command Staff of JFD because of his affiliation with a local firefighter union. Plaintiff, alleging violation of his First Amendment right to freedom of speech and freedom of association, sought various forms of monetary and injunctive relief.

With a March 14, 2005, jury trial pending, the parties were able to settle their dispute and entered into a confidential Administrative Agreement ("Settlement Agreement") on or about March

11, 2005. Exhibit "B" to Plaintiff's Brief in Support of Motion for Attorneys' Fees. The parties informed the Court of the settlement, and the Court entered an Order of Dismissal dated April 12, 2005, and filed with the Clerk of the Court on the same day ("April 12 Dismissal Order"). The text of the April 12 Dismissal Order states:

> All parties having agreed to and announced to the Court a settlement of this case, and the Court being desirous that this matter be finally closed on its docket,
> IT IS ORDERED that this case is hereby dismissed with prejudice to all parties.  If any party fails to consummate this settlement within twenty (20) days, any aggrieved party may reopen the case for enforcement of the settlement within ten (10) days, and if successful, all additional attorneys' fees and costs from this date shall be awarded such aggrieved party or parties against the party failing to consummate the agreement.
> IT IS FURTHER ORDERED that an Agreed Order of Dismissal executed by the parties be provided to the Court no later than April 29, 2005.

The Settlement Agreement provides that Plaintiff's attorney could move the Court for costs, including attorneys' fees, incurred in this matter. On August 26, 2005, Plaintiff moved pursuant to 42 U.S.C. § 1988 for costs and attorneys' fees. Defendant subsequently filed a Response on September 19, 2005, wherein it argued that Plaintiff was not entitled to fees because Plaintiff was not the "prevailing party" as required by 42 U.S.C. § 1988.

By Order of this Court, dated September 30, 2005, and filed with the Clerk of the Court on the same day, the parties, *inter alia*, were ordered to provide the Court with supplemental briefs on the issue of whether Plaintiff was the prevailing party. The

parties have since complied with the September 30 Order. Plaintiff's Motion is now ripe for consideration.

## II.  Analysis

Pursuant to 42 U.S.C. § 1988(b), "the court, in its discretion, may allow the _prevailing party_ [in a § 1983 suit]. . . a reasonable attorney's fee as part of the cost." (Emphasis added). To be the "prevailing party" under a fee shifting statute such as § 1988, "the plaintiff must (1) obtain actual relief, such as an enforceable judgment or a consent decree; (2) that materially alters the legal relationship between the parties; and (3) modifies the defendant's behavior in a way that directly benefits the plaintiff at the time of the judgment or settlement." Walker v. City of Mesquite, 313 F.3d 246, 249 (5th Cir. 2002) (citing Farrar v. Hobby, 506 U.S. 103 (1992)).

The Supreme Court of the United States, in Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources, 532 U.S. 598, 604 (2001), further clarified the requirements of prevailing party status. In Buckhannon, the Supreme Court abrogated the "catalyst theory" of recovering attorneys' fees. Id. Under the catalyst theory, a plaintiff was deemed the prevailing party and allowed to recover attorneys' fees if the defendant voluntarily changed its behavior after plaintiff filed suit. Id. In striking down the catalyst theory, the Supreme Court reasoned that "[a] defendant's voluntary change in conduct . . .

lacks the necessary judicial *imprimatur*" required to materially alter the parties legal relationship. Id. The Supreme Court also explained that private settlement of a case, regardless of the relief obtained by the plaintiff, was insufficient to deem the plaintiff the prevailing party. Id. at n.7. Reiterating that only an enforceable judgment on the merits or a court-ordered consent decree was acceptable, the Buckhannon Court explained that "[p]rivate settlements do not entail the judicial approval and oversight involved in consent decrees." Id.

In light of Buckhannon, the private settlement in the instant case is clearly insufficient, in and of itself, to make Plaintiff the prevailing party for purposes of awarding attorneys' fees. The question then becomes whether the April 12 Dismissal Order that followed from the private settlement contains the requisite amount of "judicial *imprimatur*" to be considered a "judicially sanctioned change in the legal relationship of the parties." Id. In other words, the Court must decide whether the April 12 Dismissal Order was the functional equivalent of a "consent decree."

In making its determination, the Court must consider the differences between a consent decree and a private settlement. The Supreme Court in Buckhannon implied that a consent decree has two characteristics that distinguish it from a private settlement: (1) judicial approval; and (2) judicial oversight. Id. As the United States Court of Appeals for the Fifth Circuit has explained, a

4

consent decree, unlike a settlement agreement, is a judgment that can be enforced through contempt proceedings. United States v. Miami, 664 F.2d 435, 439-40 (5th Cir. 1981). "Because it is entered as an order of the court, the terms of [a] consent decree must also be examined by the court." Smyth v. Rivero, 282 F.3d 268, 280 (4th Cir. 2002). Conversely, the terms of a private settlement are typically not reviewed by the presiding court prior to entry of an order of dismissal. Id.

Since Buckhannon, the Fifth Circuit has yet to draw the line between what constitutes a consent decree and what is merely a generic dismissal order. However, other circuits have addressed this specific issue. Those courts have generally held that to consider an order of dismissal a consent decree, the order must incorporate the terms of the settlement agreement and/or retain the jurisdiction of the Court to enforce the agreement. See e.g., Smyth, 282 F.3d at 282; Smalbein v. City of Daytona Beach, 353 F.3d 901, 905 (11th Cir. 2003); Christina A. v. Bloomberg, 315 F.3d 990, 993 (8th Cir. 2003); see Truesdell v. Philadelphia Hous. Auth., 290 F.3d 159, 165 (3rd Cir. 2002) (Order that included terms of settlement agreement and provided for judicial enforcement of agreement was "proper vehicle for rendering one side a "prevailing party").

The order of dismissal in the case *sub judice* does not rise to the level of a consent decree. The Court did not incorporate the

terms of the Settlement Agreement in the April 12 Dismissal Order. Moreover, the Court was neither informed of the terms of settlement nor did it review the Settlement Agreement prior to entering the April 12 Dismissal Order. Thus, the Court did not approve of the terms of the private Settlement Agreement. The only resemblance of a consent decree in the April 12 Dismissal Order is the retention of jurisdiction to enforce the agreement. However, as the court in Bloomberg stated, "the district court's enforcement jurisdiction alone is not enough to establish a judicial 'imprimatur' on the settlement contract." Bloomberg, 315 F.3d at 994. A court *must* be able to enforce a dismissal order through its contempt powers for it to be considered a consent decree. Id. Considering that the Court never reviewed, much less approved of the settlement terms, it is questionable whether the April 12 Dismissal Order could be enforced through contempt proceedings or whether the Court would simply reopen the proceedings. Regardless of how the Court might enforce the Settlement Agreement, the Court clearly did not give judicial approval of the settlement terms as contemplated in Buckhannon.  The Court therefore finds that the April 12 Dismissal Order is not the functional equivalent of a consent decree.

In light of the absence of judicial approval and oversight of the private settlement in this matter, the Court finds that Plaintiff is not entitled to prevailing party status. Accordingly,

Plaintiff's request for attorneys' fees and costs under § 1988 is denied.[1]

### III.  Conclusion

Based on the holdings presented above:

IT IS THEREFORE ORDERED that Plaintiff's Motion for Attorneys' Fees and Costs [docket entry no. 41] is not well taken and is hereby denied.

SO ORDERED this the 22nd day of November, 2005.

                                     s/ William H. Barbour, Jr.
                                     UNITED STATES DISTRICT JUDGE

blj

---

[1] It seems counterintuitive that parties in a § 1983 action (or any other action to which a fee shifting statute applies) would enter into a settlement agreement on the substantive claims of the suit without also resolving the issue of costs and attorneys' fees. The Supreme Court in Buckhannon expressed this same sentiment, providing that "[m]any a defendant would be unwilling to make a binding settlement offer on terms that left it exposed to liability for attorney's fees in whatever amount the court might fix on motion of the plaintiff." Buckhannon, 532 U.S. at 609 (quoting Marek v. Chesny, 473 U.S. 1, 7 (1985).